UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,

    Plaintiff,

v.    Case No. 12-11046

HON. AVERN COHN

GOVERNOR RICK SNYDER, et. al.

    Defendants.
_____/

# MEMORANDUM AND ORDER
# DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS (Doc. 2)
# AND DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(g)

## I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Kyle Brandon Richards, an inmate at the Bellamy Creek Correctional Facility in Ionia, Michigan has filed a *pro se* civil rights complaint, as well as an application to proceed without prepayment of fees and costs seeking to proceed without prepayment of the $350.00 filing fee for this action.

Plaintiff has named Governor Rick Snyder, the State of Michigan, the Michigan Department of Corrections, and various individuals. For the reasons that follow, plaintiff's application to proceed without prepayment of fees and costs will be denied and the complaint will be dismissed under 28 U.S.C. § 1915(g).

## II. Analysis

A prisoner may be precluded from proceeding without prepayment of the filing

fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires a district court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff has been a prolific litigator in this district. The district court records show that plaintiff has filed at least five prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See, e.g., Richards v. United States, et al.,* No. 11-CV-15619 (E.D. Mich. Jan. 12, 2012); *Richards v. Fox 2 News, et al.*, No. 11-CV-15280 (E.D. Mich. Dec. 8, 2011); *Richards v. Smith, et al.*, No. 11-CV-10929 (E.D. Mich. May 16, 2011); *Richards v. Swartz, et al.,* No. 10-CV-13759 (E.D. Mich. Oct. 14, 2010); *Richards v. Schuster, et al.*, No. 10-CV-10100 (E.D. Mich. July 8, 2010).

Plaintiff has also filed five separate § 1983 complaints with this district, which were dismissed under 28 U.S.C. § 1915(g) on the ground that plaintiff had at least three

2

prior civil rights complaints which had been dismissed for being frivolous. *See, e.g., Richards v. Spain, et al.*, No. 12-CV-10101 (E. D. Mich. Jan. 19, 2012); *Richards v. Snyder*, No. 11-CV-12525 (E.D. Mich. Aug. 2, 2011); *Richards v. United States*, No. 11-CV-13069 (E.D. Mich. July 20, 2011); *Richards Family Org. v. United States*, No. 11-CV-12784 (E.D. Mich. July 7, 2011); *Richards v. United States*, No. 11-12522 (E.D. Mich. June 20, 2011).

Plaintiff's litigation history subjects the complaint to dismissal. As the Seventh Circuit has noted: "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F. 3d 857, 859 (7th Cir. 1999). Here, plaintiff has requested *in forma pauperis* status without revealing that other judges in this district have previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g).

Moreover, it is clear that plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee in this case unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this exception, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

Plaintiff is aware of this requirement, as he has stated in the complaint that he is

3

unable to prove that he is in imminent danger of serious physical injury. *See* Complaint at p. 8. However, he asks that the complaint be served or sent to appropriate authorities. Indeed, the allegations raised by plaintiff in his complaint do not establish that he is in imminent danger of serious physical injury. As best as can be gleaned, plaintiff claims that after being diagnosed with Autism in 2005, several psychiatrists, a special education academic coordinator at the public school he attended, his stepbrother, and his stepsister have all conspired to subject plaintiff to "illegal psychological conditioning/programing" and brainwashing. Plaintiff admits that these psychological sessions have ceased since his incarceration. Plaintiff, however, claims that he is still receiving unspecified threats from unnamed corrections officers in prison. These allegations fail to show that there is any imminent danger of serious physical injury that is contemporaneous with the filing of this complaint. As such, plaintiff is not entitled to proceed *in forma pauperis*.

### III. Conclusion

For the reasons stated above, plaintiff's application to proceed without prepayment of fees or costs is DENIED. The complaint is DISMISSED under 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

4

Finally, the Court CERTIFIES that any appeal from this order would be frivolous and, therefore, cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: April 18, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 18, 2012, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160